IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRETT STUMP, )
)
Petitioner, )
)
v. )
) Civil Action No. 3:08CV256-HEH
PATRICIA R. STANSBERRY, )
)
Respondent. )

## MEMORANDUM OPINION
(Dismissing 28 U.S.C. § 2241 Petition Without Prejudice)

Petitioner, a federal inmate, submitted this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner asserts that the Bureau of Prison ("BOP") "is refusing to consider [Petitioner] for being housed in a halfway house because he is not in the last 6 months of his sentence." (§ 2241 Pet. 2.) Petitioner contends that he is entitled to habeas relief in the form of consideration for a transfer to a community corrections center ("CCC").[1] Respondent has moved to dismiss the petition on the grounds that, *inter alia*, Petitioner has failed to exhaust his administrative remedies.[2] Petitioner has responded. The matter is ripe for disposition.

---

[1] A halfway house is one type of a CCC. *See* 28 C.F.R. 570.20(a).

[2] Respondent also suggests that the action should be dismissed because the action is more appropriately considered as a civil rights action. Because the exhaustion doctrine is equally applicable to civil rights actions and habeas actions, it is not necessary to address whether Petitioner has chosen the appropriate procedural vehicle for his current claim. *See* 42 U.S.C. § 1997e(a).

"Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions." *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (No. 03-6952) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); *Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981)).[3] Petitioner has not pursued any administrative remedies with respect to his demand to serve his sentence in a CCC. Therefore, Petitioner has failed to exhaust his administrative remedies.

Petitioner contends that exhaustion of administrative remedies should be excused on grounds of futility. *See Howard v. Ashcroft*, 248 F. Supp. 2d 518, 534 (M.D. La. 2003). Specifically, Petitioner contends that based on its interpretation of 18 U.S.C. § 3621(b) and § 3624(c), the BOP has an unequivocal policy of not housing an inmate in a halfway house or a CCC until the inmate is serving the last six months of his

---

[3] The BOP provides the following administrative process:

First, an inmate must submit a written complaint to the warden, to which the warden supplies a written response. 28 C.F.R. §§ 542.11 and 542.14. For inmates who do not obtain satisfactory relief at the first tier, the second tier allows the inmate to file an appeal with the regional director of the BOP. 28 C.F.R. § 542.15. The third, and final, tier of the formal administrative remedy process is an appeal to the National Inmate Appeals Administrator for the Office of General Counsel. *Id.* An inmate's administrative remedies are thus considered exhausted only after pursuing a final appeal to the National Inmate Coordinator for the Office of General Counsel.

*McDaniel v. Driver*, No. 5:07CV133 (STAMP), 2008 WL 4279463, at *3 (N.D. W. Va. Sept. 17, 2008).

2

sentence. *See Miller v. Whitehead*, 527 F.3d 752, 754–56 (8th Cir. 2008) (discussing the history of litigation surrounding the aforementioned statues). Although 18 U.S.C. § 3621(c) gives the Director of the BOP the discretion to house an inmate in any of its facilities, the BOP had interpreted 18 U.S.C. § 3642(c) to limit that authority.[4] *Id.* Specifically, the BOP refuses to transfer an inmate to CCC until the inmate is serving the last ten percent of his sentence. *Id.* Petitioner's argument, however, ignores the enactment of the Second Chance Act of 2007, which amended § 3624(c). Pub. L. No. 110-199, 122 Stat. 657 (2008). The amended version of § 3624(c) specifically provides that "[n]othing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621" to designate any available correctional or penal facility as the place of a prisoner's confinement. 18 U.S.C. § 3624(c)(4). Petitioner has not shown that the BOP's prior policy concerning placement in a CCC has continued after the passage of the Second Chance Act. Petitioner, therefore, fails to demonstrate that it would be futile for him to pursue his available

---

[4] The prior version of 18 U.S.C. § 3642(c) provided that:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

18 U.S.C. § 3624(c) (2000) (amended 2008).

administrative remedies for his claim that he was not considered for placement in a CCC. *See Alexander v. Hawk*, 159 F.3d 1321, 1327–28 (11th Cir. 1998) (discussing benefits from requiring an inmate to exhaust his administrative remedies); *Smith v. Driver*, No. 3:07cv156, 2008 WL 2077921, at *3 (N.D. W. Va. May 15, 2008) (concluding that habeas petition challenging denial of CCC placement should be dismissed for lack of exhaustion). Accordingly, Respondent's motion to dismiss will be GRANTED. The action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall accompany this Memorandum Opinion.

And it is so ORDERED.

Date: Feb 23 2009
Richmond, Virginia

/s/
Henry E. Hudson
United States District Judge